IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA SCOTT WRIGHT,

       Plaintiff,

v.

SHERIFF DUANE M. WALDERA,
CAPTAIN MICHAEL RING, and
C.O. WANDA OTTOW,

       Defendants.

OPINION & ORDER

15-cv-363-jdp

---

  Pro se plaintiff Joshua Scott Wright was a prisoner at the Jackson County Jail, located in Black River Falls, Wisconsin at the time he initiated this case. He filed a proposed complaint pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement, and naming Sheriff Duane M. Waldera, Captain Michael Ring, and Correctional Officer Wanda Ottow as defendants. Plaintiff alleges that defendants, who were responsible for the conditions of the jail, violated his constitutional rights by allowing those conditions to be deficient.

  Plaintiff seeks leave to proceed in *forma pauperis* and has made an initial partial payment of the filing fee as directed by the court. As a next step, I must screen his complaint and dismiss any portion that is legally frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 and 1915A. In addressing any pro se litigant's complaint, I must read the allegations of the complaint generously. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). After considering plaintiff's allegations, I conclude that some of his claims fail to show that plaintiff would be entitled to relief, so plaintiff will not be allowed to proceed on them. Other claims that plaintiff has alleged may entitle him to

relief, but plaintiff's complaint does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8. I will allow plaintiff to amend his complaint to provide additional information about the facts supporting those claims. Plaintiff has also moved for preliminary injunction and to proceed as a class action. I will deny both of those motions.

ALLEGATIONS OF FACT

The following facts are drawn from plaintiff's complaint. Plaintiff was held at the Jackson County Jail from October 1, 2012, until March 6, 2013. He was again held at the jail from February 22, 2015, until November 6, 2015. While there, plaintiff alleges that the jail charged him a $30 booking fee and charged him $10 per day for every day that he was incarcerated. To collect payment, defendants deducted 40 percent of all money plaintiff received into his account.

When he entered the jail on February 22, 2015, plaintiff began going through withdrawal from drug use. He suffered uncontrollable shivering, fever, vomiting, and severe stomach pains for the first week of his stay. He was held in isolation for five days and had no blanket from 6:00 a.m. until 10:00 p.m. each day. He did not receive any medication.

During his time in the jail, there was a camera in plaintiff's cell that was recording his actions at all times. Officers of the jail, including women, monitored the video. Plaintiff had no curtain or screen to provide him any privacy from the camera. He suffered mental anguish and constipation, leading to stomach pain.

Plaintiff was allowed out of the cell twice per week for one hour for recreation. The recreation room had a table, chairs, and books. Because his recreation was limited, plaintiff suffered muscle atrophy.

Plaintiff was fed while at the jail, but he claims that the meals did not meet the federal calorie intake guidelines. Plaintiff was also not provided a menu. He suffered severe hunger pains that resulted in migraine headaches.

ANALYSIS

I. **Specific claims of constitutional violations**

Plaintiff has made several allegations regarding the constitutionality of the conditions of his confinement at the Jackson County Jail, which I will address in turn. Some of his claims are doomed to fail and I will dismiss those. I will allow plaintiff the opportunity to amend his complaint to provide more detail concerning some of his claims. In drafting his amended complaint, plaintiff should carefully consider whom to name as defendants. In his complaint, he should identify in detail what each defendant did to harm him. If he does not file an amended complaint by the deadline provided in the order below, I will direct the clerk of court to enter judgment for defendants and close this case.

A. **Booking fees**

Plaintiff alleges that he was assessed a booking fee of $30 and that the jail charged him an additional $10 per day while he was held. Defendants deducted the money from his account, collecting 40 percent of whatever he received. Depending on the purpose of the fees that plaintiff was assessed, he may have a potential claim. *Compare Schilb v. Kuebel*, 404 U.S. 357, 370-71 (1971) (allowing the imposition of 'bail bond costs' for pretrial release.); *with Markadonatos v. Village of Woodridge*, 760 F.3d 545, 546 (7th Cir. 2014) (per curiam) ("If [the police] were charging the $30 fee to persons whom they arrested who did not attempt to post bail or bond (maybe persons who couldn't or wouldn't spare the money, or were confident of

3

being quickly released from jail because their arrest had been a palpable mistake), those persons might well have state or federal remedies, or both. Being arrested is not a 'service' to the person arrested!").

But plaintiff's complaint does not give any more information about what the payments were for and whether they were administrative charges. I will therefore dismiss this portion of the complaint because it does not meet the pleading standard of Rule 8. But I will give plaintiff an opportunity to amend his complaint and include more information about the fees that he was assessed, when and how they were assessed, and what they purported to pay for.

B.  Video monitoring

While plaintiff was in his cell, a camera recorded all of his activities and defendants did not afford him any screen or curtain. Plaintiff contends that the jail officials, including women, constantly monitored the video, violating his privacy. "Observation is a form of search, and the initial question therefore is whether monitoring is 'unreasonable' under the [F]ourth [A]mendment." *Johnson v. Phelan*, 69 F.3d 144, 145 (7th Cir. 1995). But cameras in prison cells have long been accepted as constitutional and plaintiff does not have a legitimate expectation of privacy in his cell. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984); *see also Johnson*, 69 F.3d at 146 (Prisoners "do not retain any right of seclusion or secrecy against their captors, who are entitled to watch and regulate every detail of daily life."). Accordingly, plaintiff may not proceed on this claim.

C.  Adequate food

Plaintiff alleges that defendants provided him meals that did not meet the federal calorie intake guidelines. He also states that menus were not available upon request. But

plaintiff provides only a conclusory assertion that his food was deficient. Accordingly, his claim does not meet Rule 8. I will dismiss this claim, but allow him the opportunity to amend his complaint. The complaint should include information about what he was served, how much, how frequently, and how it failed to meet the guidelines.

### D. Recreation

Plaintiff alleges that he was not afforded sufficient recreation while he was incarcerated. According to the complaint, plaintiff had the opportunity to leave his cell twice per week and he was given the option to sit in the recreation room and read. Plaintiff alleges that the lack of recreation caused his muscles to atrophy. *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) ("Where movement is denied and muscles are allowed to atrophy, the health of the individual is threatened and the state's constitutional obligation is compromised.").

To demonstrate a constitutional violation, plaintiff must show that his lack of access to recreation constituted a "serious deprivation of basic human needs" *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Plaintiff falls short of this standard. Although plaintiff contends that his recreation was inadequate, he is not entitled to any specific form of diversion. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) ("Inmates cannot expect the amenities, conveniences and services of a good hotel"). Nor is he entitled to exercise equipment. *Id.* at 1236 ("If exercise is what [plaintiff] desperately wanted he could have improvised temporarily with jogging in place, aerobics, or pushups. He retained the ability to move about in the unit."). Moreover, if plaintiff is alleging an unconstitutional lack of exercise, "[u]nless extreme and prolonged, lack of exercise is not equivalent to a medically threatening situation." *Id.*

5

The facts in plaintiff's complaint do not support an allegation of extreme deprivation for a prolonged duration. Plaintiff does not allege that he was unable to move around in his cell or otherwise exercise. He does not allege that he was prohibited from reading or that he was cut off from social interaction. Because plaintiff was afforded recreation and was not seriously deprived of his basic human needs, I will deny plaintiff leave to proceed on this claim.

### E. Access to the law library

Plaintiff alleges that he did not have access to a law library at the jail. It is not clear from the complaint whether plaintiff is alleging that no law library existed or that the jail had a law library, but that defendants denied him access to it. If plaintiff alleges the latter, he fails to provide the circumstances around any denial of access.

"Prison officials have an affirmative duty to provide inmates with reasonable access to courts, which includes providing access to adequate libraries (or counsel)." *Martin v. Davies*, 917 F.2d 336, 338 (7th Cir. 1990). Depending on plaintiff's circumstances, he may have a claim for relief. But at this point, I cannot tell whether it is potentially meritorious. I will dismiss this portion of the complaint and allow plaintiff an opportunity to provide more information in his amended complaint. Plaintiff should include not only whether and how he was denied access to a law library, but also what specific legal proceedings he was facing and what impact, if any, the denial of access had on his legal proceedings.

### F. Deliberate indifference to a serious medical need

Plaintiff challenges the jail's response to his withdrawal from drug or alcohol dependency. Plaintiff alleges that he was suffering withdrawal from drug dependency and that defendants were deliberately indifferent to his serious medical need in violation of the

6

Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). He claims that he was not given medication and that he was held in isolation for five days with no blanket during the day. He suffered uncontrollable shivering, fever, vomiting, and severe stomach pains. These facts are insufficient to satisfy Rule 8. To proceed on this claim, plaintiff will need to provide more information.

Plaintiff must show that he had an objectively serious medical need, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and that defendants ignored that need, *see Farmer*, 511 U.S. at 834. Plaintiff has successfully alleged an objectively serious medical need. However, plaintiff has thus far not alleged whether he informed defendants that he was suffering from withdrawal and needed medical attention or how defendants responded to any requests he made. Without that information, I cannot tell whether defendants ignored plaintiff's medical need. I will dismiss this claim under Rule 8, and give plaintiff the chance to supplement his claim with additional facts in an amended complaint. Plaintiff should be sure to describe who violated his rights, what they did to violate them, and how he was harmed by their action or inaction.

## II.    Additional motions

Plaintiff moved for preliminary injunction. Dkt. 8. Because plaintiff has been released from the jail, his motion for preliminary injunction is moot. I will deny it for that reason.

Plaintiff has also moved to proceed as a class action under Rule 23. Dkt. 9. I will deny this motion because he has failed to show why a class action would be necessary or even helpful in this case. Plaintiff seeks to add three co-plaintiffs, but he does not give any information about them, or about how their claims are similar enough to his to satisfy the requirements of Rule 23. Nor has plaintiff demonstrated that four plaintiffs are enough to

necessitate a class action or that he would make an adequate class representative. I will therefore deny the motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Joshua Scott Wright is DENIED leave to proceed on his claims that in-cell cameras violated his privacy, and that he was denied recreation because those claims fail to state a claim upon which relief may be granted.

2. Plaintiff's claims that the fees that he was charged, the meals that he was served, his inability to access to the law library, and the response of defendants Sheriff Duane M. Waldera, Captain Michael Ring, and C.O. Wanda Ottow's to his serious medical need were constitutionally deficient, are DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

3. Plaintiff may have until February 4, 2016, to submit an amended complaint further describing these claims. If plaintiff fails to do so by this deadline, I will dismiss the entire complaint for failure to state a claim upon which relief may be granted and I will assess a strike under 28 U.S.C. § 1915.

4. Plaintiff's motion for preliminary injunction, Dkt. 8, is DENIED as moot.

5. Plaintiff's motion to proceed as a class action, Dkt. 9, is DENIED.

Entered January 21, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge